

Minute Order Form (rev. 12/90)

# UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

| Name of Assigned Judge or Magistrate Judge | JAMES B. MORAN | Sitting Judge if Other Than Assigned Judge | |
|---|---|---|---|
| Case Number | 00 C 3299 | Date | Dec 26, 2000 |
| Case Title | METROPOLITAN LIFE INS CO. VS ANGELINE STUCKEY FOUCHE ET AL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd-party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

## DOCKET ENTRY:

(1) ☐ Filed motion of [use listing in "MOTION" box above]
(2) ☐ Brief in support of motion due _____
(3) ☐ Answer brief to motion due _____ Reply to answer brief due _____
(4) ☐ Ruling/Hearing on _____ set for _____ at _____
(5) ☐ Status hearing ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____
(6) ☐ Pretrial conf. ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____
(7) ☐ Trial ☐ Set for ☐ re-set for _____ at _____
(8) ☐ ☐ Bench Trial ☐ Jury Trial ☐ Hearing held and continued to _____ at _____
(9) ☐ This case is dismissed ☐ without ☐ with prejudice and without costs ☐ by agreement ☐ pursuant to
  ☐ FRCP 4(j) (failure to serve) ☐ General Rule 21 (want of prosecution) ☐ FRCP 41(a)(1) ☐ FRCP 41(a)(2)
(10) ☒ [Other docket entry]

Enter Memorandum Opinion and Order. Angeline now moves for summary judgment. That is granted.

(11) ☒ [For further detail see ☐ order on the reverse of ☒ order attached to the original minute order form.]

| | No notices required, advised in open court. | FILED FOR DOCKETING 00 DEC 26 PM 2:27 | 12/27/00 | date docketed | Document # |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | C.S. | docketing dpty. initials | 21 |
| ☒ | Docketing to mail notices. | | | | |
| ☒ | Mail AO 450 form. | | | date mailed notice | |
| | Copy to judge/magistrate Judge. | | | | |
| *wam* | courtroom deputy's Initials | Date/time received in central Clerk's Office | | mailing dpty. initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | | |
| vs. | | No. 00 C 3299 |
| ANGELINE STUCKEY FOUCHE, DEBRA FOUCHE, individually and as Independent Administrator of the Estate of John E. Fouche, JUSTINE FOUCHE, DELORES D. FOUCHE, and RODNEY E. FOUCHE, | | |
| Defendants. | | |

DOCKETED
DEC 2 7 2000

## MEMORANDUM OPINION AND ORDER

Plaintiff Metropolitan Life Insurance Company brought this interpleader action respecting the $42,240 in proceeds from a life insurance policy issued to John E. Fouche (the insured). The insured was married to Justine Fouche and she was the named beneficiary. They had three children before their divorce in 1991. The insured married Angeline Fouche that year and changed the designation of beneficiary to his second wife. They were divorced in 1996 but the insured did not thereafter change the designation of beneficiary. He died in 1999. Justine, on behalf of the children, and Angeline both claimed the proceeds. This interpleader action followed.

Angeline now moves for summary judgment. That is granted. Perhaps the insured might have preferred that the proceeds go to his children, but a court cannot act on what someone might have preferred. Angeline is the designated beneficiary (Justine's demand for

21

strict proof is insufficient to create a dispute of material fact in the face of Angeline's affidavit, which is consistent with the records submitted by the insurance company). Federal statute, 5 U.S.C.S8705(a), provides that the proceeds of a Federal Employee's Group Life Insurance Policy, which this is, go to the designated beneficiary. That designation preempts even a contrary agreement arising from a divorce decree, although we note that the divorce decree agreement does not appear to the contrary in any event. Congress has directed how the proceeds must be distributed, and we are bound to follow its direction.

*James B. Moran*
JAMES B. MORAN
Senior Judge, U. S. District Court

Dec. 26, 2000.